CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOHNNY E. JAMES JR. (SCBN 101260)
Special Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    johnny.james@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DMETRI STRATTON,<br><br>    Defendant. | CASE NO.    5:23-CR-00483 EJD<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

## I.  Introduction

Defendant Dmetri Stratton lost his temper. Over something as insignificant and ubiquitous as a cast iron skillet, Stratton disregarded directives of federal officers acting in their official capacity, engaged in a tug-o-war with multiple agents, and sent one of them careening into a conveyor belt assembly, causing serious injuries. No evidence exists to show Stratton is intrinsically violent, or a danger to the community, or in need of extended custodial rehabilitation. Indeed, Stratton has no prior criminal history. But the need to punish Stratton's disorderly violence remains. Accordingly, the United States recommends the Court impose a total sentence of up to 90 days of imprisonment.

## II.  Facts & Procedural History

The presentence report contains an accurate description of the background facts and the offense

conduct that resulted in the superseding information against Stratton. Stratton pulled a federal agent into a conveyor belt assembly and to the ground in a pig-headed fit and broke her ankle in multiple places. The incident caused Victim-1 to miss months of work, inhibited her ability to care for her family, caused significant pain, suffer through surgery, and generally diminished her quality of life.

Only one part of the PSR merits corrective attention, located at paragraph 9 of the PSR. ECF No. 38 at 5. There, the PSR states "[a]s of submission of this report, the undersigned has not received a victim impact statement." *Id.* Before the submission of the report, but almost certainly after it was drafted, the United States provided to Probation a victim impact statement. Upon communication with Probation shortly before the time of this writing, it is the United States' understanding that the victim impact statement has been provided to the Court alongside the PSR. Thus, to the extent that paragraph 9 of the PSR creates the impression that there is no victim impact statement, it is incorrect, and any fault for the error is most properly directed to the United States.

### III. Proposed Disposition & Argument

As noted in the introduction, Stratton injured a federal officer in the course of her duties in a heat of passion without any adequate provocation. Considering the unique facts of this case, the sentencing guidelines provide for a disproportionately heavy sentence, and a significant downward variance is appropriate. Accordingly, the United States recommends the Court impose a sentence consistent with that recommended in the plea agreement: <u>no greater than 90 days</u>.

#### A. Legal Standard

"From the beginning of the Republic, federal judges were entrusted with wide sentencing discretion." *Conception v. United States*, 597 U.S. 481, 490 (2022) (quotation omitted). "Federal courts historically have exercised this broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them." *Id.* at 491; *see also Dean v. United States*, 581 U.S. 62, 66 (2017) (citing *Pepper v. United States*, 562 U.S. 476, 487-89 (2011)) ("Sentencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence."). In setting an appropriate sentence consistent with statutory directives, the Court must "'impose a sentence sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing: just punishment, deterrence, protection of the

public, and rehabilitation." *Id.* at 67 (quoting 18 U.S.C. § 3553(a)).

Procedurally, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual in light of the statutory sentencing factors, . . . explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351 (2009).

### B.     Sentences Available and Guidelines - Sections 3553(a)(3), (4), & (5)

Following the *Nelson* order of operations, we first consider the possible sentences and the sentencing guidelines. All parties agree as to the maximum potential penalties which may be imposed for the offense to which Stratton pled guilty, as well as the applicable offense level. Stratton is subject under the guidelines to an adjusted offense level of 22 and a criminal history category of I. Unconstrained by the statutory limits, the guidelines would recommend a sentence of 41 to 51 months. Thus, limited by the maximum penalty provided for the charge to which Stratton has pled guilty, the guidelines recommend a custodial sentence of 12 months.

### C.     Application of Section 3553(a) Factors

The imposition of a guidelines sentence in this matter, constrained or otherwise, is substantially greater than necessary to effectuate the interests of justice and satisfy the factors set forth under 18 U.S.C. § 3553. Instead, the § 3553(a) factors collectively support a significant downward variance, albeit not the total absence of a custodial sentence.

#### 1.     The Nature and Circumstances of the Offense - Section 3553(a)(1)

Any assault on any federal officer is an offense which merits a firm, swift prosecution. Indeed, fulfillment of the congressional goal to protect federal officers requires the highest possible degree of certainty that those who harm federal officers are brought to justice. *United States v. Feola*, 420 U.S. 671, 684 (1975). "From the days of prohibition to the days of the modern civil rights movement, the statutes federal agents have sworn to uphold and enforce have not always been popular in every corner of the Nation." *Id.*

Without more, that Stratton harmed the victim officer in this case would alone justify a very severe sanction. A battery on a Transportation Security Administration officer who was simply doing her job is contemptible. It is essential to punish offenders who harm TSA officers in order to protect

those who are sworn to uphold our laws—especially those aimed at protecting travelers and preventing acts of terrorism, however seemingly mundane the methods may be.

However, the particular facts of this case do ameliorate what would otherwise be a crime worthy of maximum punishment.  Stratton did not strike the victim.  Stratton did not take a swing at the victim.  Stratton did not brandish a weapon.  Stratton did not threaten the victim.  Stratton did not do any act which would evince any intent to cause any harm to the victim whatsoever.  Rather, Stratton was noncompliant, tried to take an item he was not yet permitted to have, and through his obstinate efforts to seize control of luggage containing a cast-iron skillet, pulled a federal officer into obstacles and onto the ground such that her ankle was broken in multiple places.

The nature and circumstances of the offense are such that it requires punishment, but not what is recommended by the sentencing guidelines.  The applicable guideline section, § 2A2.2, is flexibly aggressive with a mind to substantially more deliberate violent conduct:  assault with a weapon, strangling, suffocation, attempts to manslaughter, and assaults with intent to commit manslaughter.  *See* U.S.S.G. § 2A2.2 cmt. Background (listing off how the section covers such offenses).  Through the incident of the victim's surprisingly severe injuries, offense conduct which might have otherwise exposed Stratton to modest punishment under the guidelines is elevated to the same treatment as these more egregious acts of violence.  While Stratton should be punished for the pain he has caused, he should not be punished as though he were trying to kill or maim the victim.

Altogether, the application of this factor serves to support some custodial penalty, as provided for in the plea agreement, but not a particularly severe one.

**2.      The History and Characteristics of the Defendant - Section 3553(a)(1)**

Stratton's history and characteristics mostly militate against a heavy penalty.  In the course of this case, Stratton did protest for some time that he was not at fault and that instead the victim was in error.  Stratton went so far as to submit a grievance with the TSA regarding the victim to her considerable dismay.  Instead, Stratton was levied a civil penalty in the amount of $14,950 by TSA.

But most significantly, Stratton has no relevant prior criminal history.  The United States is aware of no prior conduct by Stratton to suggest that the subject offense was anything other than an aberrational fit of temper.  Such a fit may be most appropriately addressed through modest custodial

time as a corrective action, followed by counseling.

Altogether, the application of this factor serves to support some penalty, as provided for in the plea agreement, but not a particularly severe one.

### 3. Punishment, Deterrence, Incapacitation, Rehabilitation - Section 3553(a)(2)

The classical interests of the criminal justice system split evenly with respect to aggravation and mitigation for Stratton. The need for punishment and deterrence is significant, as implied by the consideration of the nature and circumstances of this offense, above. On the other hand, there is essentially no need for incapacitation, and rehabilitation can be achieved through modest punishment followed by counseling.

Altogether, the application of this factor serves to support some custodial penalty, as provided for in the plea agreement, but not a particularly severe one.

### 4. Comparative Data – Section 3553(a)(6)

The presentence report provides some comparative data, but it does so in the context of its application of sentencing guidelines which, as discussed above, are more typically aimed at substantially more violent conduct. The Court should impose a sentence well below the average and median for defendants similarly situated under the guidelines, and the parties agree a downward variance is appropriate.

### 5. Restitution - Section 3553(a)(7)

As set forth in the presentence report, there is one victim. Under the terms of the plea agreement, Stratton has agreed to pay restitution in an amount to be set by the Court, but in no event less than $11,950.92. The United States has received no additional information from the victim to justify a greater request, and thus requests the Court order restitution to Victim-1 in that amount.

## IV. Recommended Sentence and Conclusion

For all of the reasons forgoing, and pursuant to the plea agreement filed July 14, 2025, the United States recommends the Court sentence Stratton to imprisonment for a term of <u>up to 90 days</u>. *See* ECF No. 34 at 8 (binding the government to so recommend).

If the Court imposes such a custodial sentence, the United States does not recommend the imposition of any fine, in light of Stratton's limited financial condition and the greater need for

restitution for the victims. If the Court deems a fine to be more appropriate than custodial time, the United States recommends the Court impose a fine no higher than $10,000.00. *See Id.* (binding the government to so recommend).

The United States recommends the Court further sentence Stratton to a <u>one-year</u> term of supervised release. *See Id.* (binding the government to so recommend). The United States requests the Court order the special conditions set forth in paragraph 8 of the plea agreement as part of that term of supervised release. *See Id.* at 5 (providing for anger management and prohibiting defendant from air travel). If the Court imposes a sentence of probation in lieu of a term of custody and supervised release, the United States would request those same special conditions.

Finally, the United States recommends the Court impose a total special assessment of $25.00 for the misdemeanor count to which Stratton pled guilty.

It is the recommendation of the United States that such a sentence is sufficient, but not greater than necessary, to address the requirements of 18 U.S.C. § 3553.

As to restitution, the United States requests the Court order restitution in the amount of $11,950.92 to Victim-1, the minimum required by law.

DATED: September 3, 2025　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　CRAIG H. MISSAKIAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Johnny E. James Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHNNY E. JAMES JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney