CARLEEN R. ARLIDGE        SBN 079725
Attorney At Law
1550 The Alameda, Suite 100
San Jose, California 95126
Telephone: (408) 288-8533
Facsimile: (408) 445-1861
E-Mail: craatty@aol.com

ALBIE B. JACHIMOWICZ      SBN 104549
JACHIMOWICZ LAW GROUP
1550 The Alameda, Suite 100
San Jose, CA 95126
Telephone: (408) 246-5500
Facsimile: (408) 246-1051
Email: albie@jachlawgroup.com

Attorneys For Defendant
DMETRI STRATTON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DMETRI STRATTON,<br><br>  Defendant.<br>_____ | NO. 23-CR-00483 EJD<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

## INTRODUCTION

Under the circumstances of this case and in light of Dmetri Stratton's efforts since his arrest to make changes in how he manages stress and anger, it is the recommendation that Dmetri be placed on a period of probation with no additional imprisonment or, at the most, a period of home detention.

## THE CIRCUMSTANCES OF THE CASE

When Dmetri was told by TSA agents at the security screening entrance to the airport gates that his carry-on luggage contained an item (a cast iron pan) that had to be checked and not carried on to the plane, Dmetri changed the discussion about why and how and by whom that was to be done into an argument. Fueled by the stress he was experiencing in his life at that time, Dmetri then

1

escalated the situation and started a tug-of-war with the TSA agent by pulling on the piece of luggage. In the midst of the situation, Dmetri did not understand that once the luggage reached a point in the screening process, it came into the temporary custody of TSA and he could not take the luggage item until it was released. Through his actions, the TSA agent was pulled forward then around the table at the end of the conveyor belt and caused the agent to fall to the ground, severely injuring the agent. The San Jose Police Department was called and Demtri was arrested then booked into the Santa Clara County jail.

## DETERMINING PUNISHMENT

In light of the circumstances of this case, the applicable sentencing guidelines in this case, as described in the plea agreement, are substantially greater than warranted and that the factors presented in the Presentence Investigation Report [Dkt. 38] and this memorandum support a significant downward variance.

Shortly after Dmetri had the chance to reflect on how he had reacted to the situation and how his own stress and anger were key factors to that reaction, he began to seek help. He enrolled in and completed a 12-week anger management class and learned how to recognize and respond to his trigger points. He learned to practice meditation as a way to understand and deal with the stress in his life. Dmetri also offered numerous apologies to TSA and the agent and accepts the responsibility for paying not only the substantial TSA civil penalty but more importantly the restitution to the TSA agent. [See the attached Certificate of Completion and Dmetri's letter to the Court.]

For a person who has no prior criminal arrests, the experience of being arrested and taken to jail was an impactful one. Dmetri is using that experience in a positive way to bring needed changes to how he lives his life and how to be a better person and parent. It is therefore requested that probation be granted for one year and no additional custody time be imposed.

Dated: September 5, 2025                    Respectfully submitted,

_____/s/_____
Carleen R. Arlidge, Esq.

_____/s/_____
Albie B. Jachimowicz, Esq.
Attorneys for Defendant Stratton

2

Dear Judge,

I am writing to you regarding my misdemeanor case of resisting or impeding a federal employee. I take full responsibility for my actions, and I sincerely apologize to the Court, to the TSA Agent, Ms. Chavez, and to my community.

At the time of the incident, I was not in a good place mentally. While that is not an excuse, I allowed my emotions and poor judgment to dictate my behavior, and I failed to handle the situation with the respect and patience it required. Looking back, I recognize that my actions were unacceptable and harmful.

I feel deep regret and shame for hurting Ms. Chavez and for acting the way I did. At the time, my wife and I were struggling with our first son, who was only three months old. He wasn't eating, I was severely sleep deprived, and this was our first trip with him. I was overwhelmed and did not yet have the tools to cope. Unfortunately, I let my frustration take over, and in doing so, I hurt someone who was simply doing her job.

Since that day, I have made purposeful changes to ensure nothing like this happens again. I have completed anger management courses and attend a daily group meditation class, both of which have taught me healthier ways to manage stress and conflict. Most importantly, I have learned to recognize the early signs of stress so I can step back and respond with better judgment.

Today, we have just welcomed our second son into the world, and I can say with confidence that I am in a much stronger and much healthier place. I understand the gravity of my actions, and I have made the conscious decision to be a better person for my family, and to pass down the knowledge I have gained from this mistake. I am committed to using this experience as an opportunity to grow personally and to support others who may also be struggling with stress in their own lives.

Your Honor, I respectfully ask for your understanding as you consider my punishment. My actions that day do not reflect who I am today, nor who I intend to be moving forward. This has been a powerful learning experience, and I am committed to demonstrating, through my actions, that I have truly grown from it.

Thank you for your time and consideration.

Respectfully,


Dmetri Stratton

